IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER T. CHAVEZ,

      Plaintiff,

vs.                                                                                       No. CV 18-00020 MV/JHR

WARDEN BETTY JUDD, ALL OF
HER SECURITY AND MEDICAL STAFF
AS "PERSONS" WHO ARE LIABLE FOR
THEIR ACTIONS,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO CEASE AND DESIST

THIS MATTER is before the Court on the Plaintiff, Peter T. Chavez's Motion to Cease and Desist (Doc. 13). The Court construes Plaintiff's Motion as a request for a temporary restraining order and denies Plaintiff's Motion, without prejudice, on the grounds that Plaintiff has failed to make the showing required by Fed. R. Civ. P. 65(b) for issuance of a temporary restraining order.

Plaintiff Peter T. Chavez is a prisoner incarcerated at the Northwestern New Mexico Correctional Facility. He is proceeding pro se and *in forma pauperis*. Plaintiff filed his Prisoner's Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on January 8, 2018. (Doc. 1). Plaintiff's Complaint asserts claims against Warden Betty Judd and "all of her Security and Medical Staff as 'persons' who are liable for their actions." (Doc. 1 at 1). He alleges due process and Eighth Amendment cruel and unusual punishment claims for the alleged wrongful death of another inmate. (Doc. 1 at 1-3).

On March 23, 2018, Plaintiff filed his Motion to Cease and Desist. (Doc. 13). In his Motion, Plaintiff relates an incident occurring on March 21, 2018, where he claims that "about

2:00 pm thru 3:00 pm I was called out of my unit to be interrigated by (3) personal from Core Civic non-other then to provoke me into getting violant with them." (Doc. 13 at 1). The Motion argues that "[t]he courts need to seriously take action because Core Civic is causing to much stress on inmates as the inmates themselves are ready to take action." (Doc. 13 at 4). The only relief requested in the Motion is "that the courts order this motion on my behalf." (Doc. 13 at 4). The Motion contains no signature.

The Motion does not clearly specify the relief requested by Plaintiff. However, based on the title "Cease and Desist," the Court construes the Motion as a request for a temporary restraining order ("TRO"). *See Wilson v. Bruce*, 816 F. Supp. 679, 680 (D. Kan. 1993) (prisoner's motion for a temporary restraining order to cease and desist unreasonable time limits on library usage). Rule 65(b) of the Federal Rules of Civil Procedure addresses the requirements for a TRO. Rule 65(b) provides:

> "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

The Tenth Circuit has adopted four elements for the Court to consider in deciding whether to grant a TRO under Rule 65(b). Those four elements are: (1) a showing that the movant will suffer immediate and irreparable injury unless the injunction issues; (2) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (3) a substantial likelihood that the movant will eventually prevail on the merits: and (4) a showing that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir. 1980).

Plaintiff is proceeding pro se in this matter and the Court must liberally construe his filings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court may not assume the role of advocate for the pro se party and need not accept unsupported conclusory allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A TRO is an extraordinary remedy and, therefore, a movant's right to relief must be clear and unequivocal. *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehabilitation Servs.,* 31 F.3d 1536, 1543 (10th Cir. 1994).

For issuance of a TRO, Rule 65 requires a factual showing of both immediate and irreparable injury, loss, or damage made by way of an affidavit or verified complaint. Fed.R.Civ.P. 65(b)(1)(A). Plaintiff's current request for a TRO is not sworn or even signed, and is not supported by an affidavit or verified complaint as required by Rule 65(b)(1)(A). Although Plaintiff's motion contains conclusory allegations of "extremely inhumane" punishment (Doc. 13 at 4), it contains no real factual support for any danger of immediate injury to Plaintiff. Absent a clear and unequivocal factual showing that Plaintiff will suffer immediate and irreparable injury, Plaintiff's motion is insufficient to support issuance of a TRO by the Court. *Lundgrin,* 619 F.2d at 63; *Kansas Health Care Ass'n,* 31 F.3d at 1543. Because Plaintiff has not made the threshold factual showing of immediate and irreparable harm, the Court will not reach the remaining Rule 65(b) elements and will deny Plaintiff's motion without prejudice to any future request for a TRO or injunctive relief made on a proper factual showing.

IT IS ORDERED that Plaintiff Peter T. Chavez's Motion to Cease and Desist is DENIED without prejudice.

_____
UNITED STATES DISTRICT JUDGE